**HENRY MAST GREENHOUSES, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Slip Op. 95–198.**
**Court No. 94–04–00221.**

United States Court of
International Trade.

Dec. 4, 1995.

Flickinger & Associates, P.C., Grand Rapids, MI (Mary A. Owens, of counsel), for Plaintiff.

Frank W. Hunger, Assistant Attorney General, Washington, DC; Joseph I. Liebman, Attorney in Charge, International Trade Field Office; Barbara Silver Williams, New York City, Civil Division Dept. of Justice, Commercial Litigation Branch, for Defendant.

## OPINION

POGUE, Judge.

Plaintiff challenges Customs' refusal to reliquidate certain merchandise entered under an actual use provision of the Tariff Schedules of the United States. This case is before the court pursuant to 28 U.S.C. § 1581(a) on the summary judgment motions of the Plaintiff, Henry Mast Greenhouses, Inc., and the Defendant. The fundamental issue presented by the cross-motions is whether Plaintiff's unsupported allegation that "it had no involvement in the importation of the greenhouse" raises a genuine issue of material fact as to Plaintiff's duty liability.

### UNDISPUTED FACTS

Based upon the statements of the parties submitted pursuant to Rule 56(i) of this Court, and the record on the motions for summary judgment, the following facts are not in dispute. The merchandise was entered on November 10, 1988 and was claimed duty free under Section 870.40 of the Tariff Schedules of the United States ("TSUS")— an actual use provision which requires the importer to file proof of use within three years from the date of entry. TSUS Gen. R. Interpretation 10(e)(ii);[1] 19 CFR § 10.138.[2] The official documents covering entry of the

1. TSUS, General Rules of Interpretation, Rule 10(e)(ii) states:
   A tariff classification controlled by the actual use to which an imported article is put in the United States is satisfied only if such use is intended at the time of importation, the article is so used, and proof thereof is furnished within 3 years after the date the article is entered.

2. 19 CFR § 10.138 provides:
   Within 3 years from the date of entry or withdrawal from warehouse for consumption, the importer shall submit in duplicate in support of his claim for free entry or for a reduced rate of duty a certificate executed by (1) the superintendent or manager of the manufacturing plant, or

merchandise, see 28 U.S.C. § 2635(a) and USCIT R. 70, demonstrate that Plaintiff was named by its representative or agent as the importer of record on the Entry Summary form (Customs Form 7501). Plaintiff was similarly named as the ultimate consignee and importer of record on the Entry/Immediate Delivery form (Customs Form 3461). Plaintiff was also the principal on the bond, and Plaintiff's importer number is given as the importer number on the bond (Customs Form 301).

In addition, Plaintiff's customs broker submitted a letter to Customs in which Plaintiff was identified as the importer of record, as well as the end-user. The invoice for the merchandise provides that the merchandise is invoiced from the Dutch manufacturer directly to the Plaintiff, and the invoice shows delivery to Byron Center Michigan, where Plaintiff was located. The Plaintiff is named on the packing lists, and the bill of lading identifies the Plaintiff as the consignee.

On August 12, 1991 Customs sent a courtesy notification letter informing the Plaintiff that the three year period for filing the certificate of use was about to expire. Plaintiff did not respond. On or around November 13, 1992 the merchandise was liquidated and Customs imposed a $13,589.20 duty on Plaintiff. On January 25, 1993 Plaintiff filed a Protest asserting that the merchandise should have been classified duty free. On October 22, 1993 Customs denied the protest because Plaintiff had failed to file a proof of use certificate as required by 19 CFR § 10.138. On January 6, 1994 Plaintiff sent a letter to Customs asserting it was not the importer and therefore was not required to

(2) the individual end-user or other person having knowledge of the actual use of the imported article. The certificate shall include a description of the processing in sufficient detail to show that the use contemplated by the law has actually taken place. A blanket certificate covering all purchases of a given type of merchandise from a particular importer during a given period, or all such purchases with specified exceptions, may be accepted for this purpose, provided the importer shall furnish a statement showing in detail, in such manner as to be readily identified with each entry, the merchandise which he sold to such manufacturer or end-user during such period.

file the proof of use. Plaintiff attached to the letter a blanket certificate of end-use. Customs treated the letter as a request for relief pursuant to 19 U.S.C. § 1520(c). On March 22, 1994 Customs denied the requested section 1520(c) relief. Plaintiff did not protest this decision. On April 4, 1994 Plaintiff paid the duty and accrued interest in an amount of $15,344.24. Plaintiff commenced this action on April 13, 1994, within 180 days of the denial of its protest. *See* 28 U.S.C. § 2636(a).

Plaintiff moved for summary judgment and produced an affidavit of its president stating that the Plaintiff "had no involvement in the importation of the Greenhouse." Defendant, in turn, cross-moved for summary judgment and directed the Court's attention to the official documents for the entry which named the Plaintiff as the consignee, the importer of record, and the principal on the bond. Plaintiff failed to respond to the government's motion, offering no explanation for its ubiquity on the import documentation.

## JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1581(a) over denials by Customs of pro-

tests filed under 19 U.S.C. § 1515. The subject matter of section 1515 protests are prescribed in 19 U.S.C. § 1514(a),[3] which lists seven categories of Customs' decisions that are subject to protest. In the instant case, Plaintiff filed a protest (falling within category 2 or 5 of section 1514(a)) on January 26, 1993 which was denied on October 22, 1993. Accordingly, Defendant does not challenge jurisdiction for Plaintiff's claims relating to categories 2 or 5 of section 1514(a).[4]

## DISCUSSION

For the merchandise at issue here to be imported duty free, 19 CFR § 10.138 requires the filing of a proof of use within 3 years from the date of entry. In the absence of such a filing, duty is imposed on the importer. Plaintiff claims Customs was not entitled to impose a duty because Plaintiff was not the importer and had no obligation to file the proof of use. Plaintiff claims that it purchased the merchandise from an American subsidiary of a Dutch corporation, and that the subsidiary was the importer required to file the certificate of end-use or absorb the liability for duties imposed upon liquidation.[5] Defendant claims that it is enti-

3.  19 U.S.C. § 1514(a) provides:
    (a) Finality of decisions; return of papers
    Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), section 1520 of this title (relating to refunds and errors), and section 1521 of this title (relating to reliquidations on account of fraud), decisions of the Customs Service, including the legality of all orders and findings entering into the same, as to—
    (1) the appraised value of merchandise;
    (2) the classification and rate and amount of duties chargeable;
    (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
    (4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
    (5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof;
    (7) the refusal to reliquidate an entry under section 1520(c) of this title;
    shall be final and conclusive upon all persons (including the United States and any officer

thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of Title 28 within the time prescribed by section 2636 of that title. When a judgment or order of the United States Court of International Trade has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the Customs Service, which shall take action accordingly.

4.  The Court need not consider the jurisdictional issues presented by plaintiff's alternative claim challenging a decision as to 19 U.S.C. § 1514(a)(7) because, on the merits, the result is the same regardless of the category of Plaintiff's claim. Whether the claim relates to category 2, 5 or 7 of 19 U.S.C. § 1514(a), Plaintiff was either the importer or it was not. If Plaintiff was the importer, it was required to file the certificate of end-use. If Plaintiff was not the importer, it had no such obligation, and would obviously not be liable for the payment of duties.

5.  Perhaps as a consequence of Plaintiff's failure to respond to Customs' courtesy notification letter, Plaintiff chose not to advance the equitable

tled to summary judgment because the transaction documents establish that Plaintiff was the importer of the merchandise in issue, and that Plaintiff did not timely file the required certificate of use. Defendant concludes that Customs properly liquidated the merchandise and imposed duties.

Rule 56 of this Court permits summary judgment when "there is no *genuine* issue as to any *material* fact...." USCIT R. 56(d)(emphasis added); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1390–91 (Fed.Cir.1987). Similarly, Rule 56 of this Court specifically requires that the Court determine "what material facts are actually and in good faith controverted." USCIT Rule 56(e).

On materiality, "the substantive law identifies which facts are material." *Id.* The identity of the importer is a material fact for determining duty liability. The applicable regulation defines an importer as "the person primarily liable for the payment of any duties...." 19 CFR § 101.1(*l*). On the question of genuineness, the standard for determining whether there is a *genuine* issue "mirrors the standard for a directed verdict ..., which is that the trial judge must direct a verdict if, under the governing law there can be but one reasonable conclusion as to the verdict.... In essence, ..., the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 248–52, 106 S.Ct. at 2510–12. "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Id.* at 256, 106 S.Ct. at 2514; *see Sweats*

*Fashions, Inc. v. Pannill Knitting Co., Inc.,* 833 F.2d 1560, 1562–63 (Fed.Cir.1987); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (Rule 56 "mandates the entry of summary judgment, ..., against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

■ The applicable substantive evidentiary standard places the burden on Plaintiff to overcome the statutory presumption of correctness that applies to Customs' decision to assess duties upon liquidation of Plaintiff's merchandise. *See* 28 U.S.C. § 2639(a)(1). To overcome the presumption of correctness, Plaintiff must produce substantial evidence in support of its claim that Customs imposed duty liability on the wrong party.[6] Substantial evidence means "evidence affording a substantial basis of fact from which the matter in issue can reasonably be inferred. A mere declaration of an essential ultimate fact is not substantial evidence." *Border Brokerage Company, Inc. v. United States,* 58 Cust. Ct. 185, 188, C.D. 2929, 1967 WL 9454 (1967).

■ Plaintiff's argument that it was not the importer does not raise a genuine *factual* issue. Plaintiff, through the affidavit of its president, stated that it "believed" the American subsidiary was the importer of the goods. Plaintiff, however, has failed to identify any contractual provision between it and the subsidiary concerning duty liability; nor has Plaintiff joined the subsidiary as a party to the action. As detailed above, the official documents name *Plaintiff* as the importer of record and the consignee. Plaintiff is named as the principal on the bond, Plaintiff's importer number appears on the bond, and the merchandise was invoiced directly from the

---

claim that the Government should not receive a fifteen thousand dollar benefit simply because Plaintiff neglected to timely file the certificate of end-use. *Cf. Czarnikow–Rionda Co. v. United States,* 60 C.C.P.A. 6, C.A.D. 1071, 468 F.2d 211 (1972)(court implicitly considered equities of parties in stating, "We see no *inequity* in holding the importer to the mandatory [time] limit.")(emphasis added).

**6.** The Court notes the somewhat curious situation of Plaintiff having to prove a negative, *viz,* that it was *not* the importer. Nevertheless, a party that believes that it is not an importer ordinarily would require the government to commence an action to collect duties pursuant to 28 U.S.C. § 1582(3) and to bear the corresponding burden of establishing that the defendant *is* the importer for purposes of duty liability. *See, e.g., United States v. Bishop,* 125 F. 181 (8th Cir. 1903).

Dutch manufacturer to Plaintiff's place of business. More telling, the American subsidiary does not appear anywhere on the official documents. As ubiquitous as the Plaintiff is on the entry documents, the American subsidiary is conspicuously absent. Consequently, the American subsidiary cannot, under the facts of this case, be the importer for purposes of duty liability.[7]

The law governing this case leads to only one reasonable conclusion: The plaintiff was the importer for purposes of duty liability. Section 101.1($l$) of Title 19 of the Code of Federal Regulations defines an importer as "the person primarily liable for the payment of any duties on the merchandise ..." and further specifies that the importer may be, *inter alia,* "(1) the consignee, or (2) the importer of record, ...." The official documents state that the Plaintiff was both the importer of record and the consignee of the goods. Because Plaintiff has not placed these facts in controversy, either by challenging the validity of the entry documents or by pleading fraud on the part of its customs broker, the court must conclude that under no circumstance could Plaintiff prove that it was not the "person primarily liable for the payment" of duties. For this reason Plaintiff's argument fails to raise a *genuine* issue of material fact precluding summary judgment. *See* USCIT R. 56(f) ("When a motion for summary judgment is made and supported as provided in this rule, ..., the adverse party's response, ..., must set forth *specific facts* showing that there is a genuine issue for trial."). *See also, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Within three years of entry, merchandise imported duty-free under an actual use provision of the TSUS must be supported by a proof of use certificate demonstrating that the claimed use has actually taken place. TSUS Gen. R. of Interpretation, RULE 10(e)(ii); 19 CFR § 10.138. The proof of use requirement is mandatory, *Czarnikow–Rionda Co. v. United States,* 60 C.C.P.A. 6,

C.A.D. 1071, 468 F.2d 211 (1972), and the responsibility for filing the certificate rests on the importer. As the consignee and importer of record, Plaintiff had the responsibility of timely filing the certificate of use; in its attempt to file a certificate of end-use more than four years after the entry, Plaintiff effectively admitted that it failed to do so. Customs properly liquidated the merchandise and assessed duties on Plaintiff.

### CONCLUSION

The court will accordingly deny Plaintiff's motion for summary judgment, and grant summary judgment for Defendant.

---

**7.** Whether the Plaintiff had a contractual relationship with the subsidiary that would entitle it to indemnification for payment of import duties is another question altogether, and raises an issue that Plaintiff has failed to place before the court.